UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| HALLENE LIETEAU,<br><br>    Plaintiff,<br><br>v.<br><br>WORLDSPAN, LP, and<br>WORLDSPAN TECHNOLOGIES, INC.<br><br>    Defendants. | )<br>)  04-10967 GAO<br>)<br>)  CASE NO.: _____<br>)<br>)  MAGISTRATE JUDGE _____<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

TO: The Honorable Judges
United States District Court
District of Massachusetts
Eastern Division
1 Courthouse Way
Boston, Massachusetts 02210

RECEIPT # 55913
AMOUNT $ 150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 5-14-04

The Defendants, through their undersigned attorney, hereby remove the action described in Paragraph 2 below from the Superior Court of Norfolk County, Massachusetts and as grounds for removal respectfully show as follows:

1. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1331.

2. An action was commenced against Defendants in the Superior Court of Norfolk County Massachusetts entitled Helene Lieteau v. Worldspan LP and Worldspan Technologies, Inc. (Case No. 04001718), a complete copy of which is attached hereto as Exhibit A. No further proceedings have been had therein.

3. Defendants registered agent received service of the Summons and Complaint on or about April 27, 2004. The removal of this action is therefore within the time frame prescribed

Page 1 of 4

by 28 U.S.C. § 1446. A copy of the removal notice being contemporaneously filed in the Superior Court of Norfolk County of Massachusetts is attached hereto as Exhibit "B".

4. This notice is being filed within thirty (30) days after Defendants received service of the complaint and is timely filed under 28 U.S.C. § 1446(b).

5. This Court has federal diversity jurisdiction under 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

6. The amount in controversy raised by Plaintiff's complaint is in excess of $75,000 as demonstrated by the relief sought. Plaintiff's complaint alleges age discrimination in violation of Massachusetts General Statute 151B and seeks as relief front pay, back pay, interest, attorneys' fees, costs, and punitive damages. On the relief sought for back pay alone, the amount in controversy exceeds $75,000. Plaintiff's employment with Defendant Worldspan, LP ended, as part of a reduction in force, on March 31, 2001. At that time, Plaintiff was paid Three Thousand Four Hundred Thirty One ($3,431) dollars per month in salary. (Affidavit of Margaret Cassidy (Exhibit "C"), Paragraph 5).

7. Had Plaintiff continued employment with Worldspan, LP at the same rate of pay her backpay claim alone, between March 31, 2001 and May 1, 2004, presents an amount in controversy exceeding One Hundred Twenty-Six Thousand ($126,000) dollars. (Exhibit C, Paragraph 5).

8. Complete diversity of the parties exists in this case. Worldspan LP is a limited partnership with its principal place of business in Atlanta, Georgia and, since March 31, 2004 the sole general partner of Worldspan LP has been Worldspan Technologies, Inc., co-defendant in this matter, which is incorporated in the State of Delaware and has as its principal place of business Atlanta, Georgia. (Exhibit C, Paragraph 3). The sole limited partner of Worldspan LP

has been WS Holdings LLC, a Delaware limited liability company. (Exhibit C, Paragraph 3). Worldspan LP's partners prior to March 31, 2004 were corporations with principal places of business outside of Massachusetts and incorporated in states other than Massachusetts. (Exhibit C, Paragraph 2). Therefore, neither Worldspan LP nor Worldspan Technologies, Inc. are citizens of the State of Massachusetts for purposes of diversity jurisdiction. Plaintiff Hallene Lieteau is a resident of the State of Massachusetts. (Exhibit A, Paragraph 1).

WHEREFORE Defendants give notice that the above action now pending against it in the Superior Court of Norfolk County Massachusetts be removed to this Court.

Respectfully submitted this 14 day of May 2004.

Allison Romantz
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing **NOTICE OF REMOVAL** upon the following via U.S. Mail, postage prepaid, on May 14, 2004:

> Jonathon M. Feigenbaum, Esq.
> Phillips & Angley
> One Bowdoin Square
> Boston, MA 02114

_____
ATTORNEYS FOR DEFENDANTS

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 04 00171

Hallene Lieteau
........................................................., Plaintiff(s)

v.

Worldspan, L.P. and Worldspan Technologies, Inc.
........................................................., Defendant(s)

### SUMMONS

To the above-named Defendant:   Worldspan, L.P.

You are hereby summoned and required to serve upon Jonathan M. Feigenbaum, Esq plaintiff's attorney, whose address is 1 Bowdoin Square, Boston 02114, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham2nd the ........................

day of .......22nd   April, in the year of our Lord two thousand and .....four...................

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COPY

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: Norfolk | Docket Number |
|---|---|---|
| PLAINTIFF(S) Hallene Lieteau | DEFENDANT(S) Worldsplan, L.P.<br>Travel Transaction Processing Corporation | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Jonathan M. Feigenbaum, Esquire<br>Phillips & Angley, One Bowdoin Square<br>Boston, MA 02114 (617)367-8787<br>Board of Bar Overseers number: 546686 | ATTORNEY (if known) | |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | [X] Yes   [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................... $............
2. Total Doctor expenses ................................................................. $............
3. Total chiropractic expenses ......................................................... $............
4. Total physical therapy expenses .................................................. $............
5. Total other expenses (describe) ................................................... $............
                                                                      Subtotal $............
B. Documented lost wages and compensation to date ........................ $............
C. Documented property damages to date ......................................... $............
D. Reasonably anticipated future medical and hospital expenses ......... $............
E. Reasonably anticipated lost wages .................................................. $25,000+
F. Other documented items of damages (describe) ............................. $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was unlawfully terminated in that her employer
did not treat age neutrally and violated G.L. c. 151B

TOTAL: $25,000+

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
                                                                          TOTAL   $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____   DATE: 1/29/04

A.O.S.C. 2003



COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                         SUPERIOR COURT
                                                     CIVIL ACTION NO. 04-00171-A

| | |
|---|---|
| HALLENE LIETEAU ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| WORLDSPAN, L.P. ) | |
| WORLDSPAN TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant ) | |

## AMENDED COMPLAINT WITH JURY CLAIM

### PARTIES

1. Plaintiff is Hallene Lieteau ("Ms. Lieteau"), an individual, having a usual place of residence at Sharon, Norfolk County, Massachusetts.

2. Defendant is Worldspan, L.P., a Delaware limited liability partnership, having a usual place of business at 300 Galleria Parkway, N.W., Atlanta, Georgia. Worldspan, L.P., retains an agent for service of process in the Commonwealth of Massachusetts, at CT Corporation, Two Oliver Street, Boston, Suffolk County, Massachusetts, and as permitted under the United States Constitution.

3. Defendant is Worldspan Technologies, Inc., a Delaware corporation, having a usual place of business at 300 Galleria Parkway, N.W., Atlanta, Georgia, and the successor-in-interest to Worldspan, L.P.

## JURISDICTION AND VENUE

4. Jurisdiction is predicated against Worldspan, L.P., and against Worldspan Technologies, Inc., as the successor in interest to Worldspan, L.P. as Worldspan, L.P., was registered as a foreign limited liability partnership with the Secretary of the Commonwealth of Massachusetts, Corporations Division authorized to do business in the Commonwealth of Massachusetts; it employed the plaintiff in the Commonwealth of Massachusetts; it contracted to supply services in the Commonwealth of Massachusetts, and under all other grounds permitted under G. L. c. 223A §3, the Massachusetts Long Arm Statute.

5. Venue is proper in this Court, because Ms. Lieteau has a place of residence in this County.

## FACTS COMMON TO ALL COUNTS

6. Ms. Lieteau is a female older than 40 years of age.

7. For approximately eleven years, Ms. Lieteau was employed by Transworld Airlines, Inc., and then in early 1990, she was transferred by Transworld Airlines, to Worldspan, L.P., the newly formed partnership of Transworld Airlines, Inc., Northwest Airlines, Inc., and Delta Airlines, Inc.

8. Ms. Lieteau was employed by Worldspan, L.P., until March 31, 2001, when she was involuntarily terminated due to an alleged restructuring of Worldspan, L.P.

9. At all times material hereto, Ms. Lieteau performed the essential functions of her job as required by Worldspan, L.P., and was performing her job as expected by Worldspan, L.P, at the date of her termination.

## COUNT I

### (Unlawful Age Discrimination - Termination)

10. Plaintiff incorporates by reference incorporate paragraphs 1 - 9 inclusive as if set forth herein again.

11. On January 30, 2001, Ms. Lieteau was informed in a written memorandum by Worldspan, L.P., that her employment would terminated effective March 31, 2001, unless she was able to secure another position at Worldspan, L.P. Worldspan, L.P., contended that it was restructuring its business, and as such, certain positions were being eliminated. Although Worldspan, L.P., contended that her position was being eliminated, the substantial functions of her position were merely moved to other employees.

12. Ms. Lieteau through no fault of her own, was unable to secure a new position within Worldspan, L.P., on or before March 31, 2001.

13. At the time of termination, Worldspan, L.P., never disclosed to Ms. Lieteau age neutral criteria as to why she was selected for termination, and other employees were retained.

14. In January 2001, and prior to the date that Ms. Lieteau was advised that her position would be eliminated, Worldspan, L.P., offered to Ms. Lieteau an assignment to be a liaison to the Latin market, because she can speak Spanish. Ms. Lieteau did not desire to be reassigned, particularly in that she had no definitive knowledge of impending lay-offs of employees.

15. Prior to the time that Ms. Lieteau was terminated, she again asked Worldspan, L.P., about the availability of the position as liaison to the Latin market

16. Worldspan, L.P., advised Ms. Lieteau that the position was temporary and would not be offered to her.

17. On February 28, 2001, Ms. Lieteau learned that the position had been filled by Katherine Murillo-Brueck.Worldspan, L.P.

18. Worldspan, L.P., did not did not treat age neutrally when discharging Ms. Lieteau.

19. As a result of the discriminatory actions, Ms. Lieteau has suffered damages, including but not limited to, lost wages and benefits.

20. The discriminatory actions of Worldspan, L.P., were in violation of laws of the Commonwealth of Massachusetts set forth at G. L. c. 151B.

21. Ms. Lieteau timely filed a charge of discrimination with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission, and subsequently, she filed written notice of withdrawal of that charge, based on an intention to commence a civil suit.

## COUNT II

### (Unlawful Age Discrimination - Hiring - Retaliation)

22. Plaintiff incorporates by reference incorporate paragraphs 1 - 21 inclusive as if set forth herein again.

23. Since the date of Ms. Lieteau's termination, she applied for four (4) open job positions posted by Worldspan, L.P.

24. Ms. Lieteau was qualified for each of the four (4) positions that she applied for with Worldspan, L.P.

25. Ms Lieteau was only interviewed for one (1) of the positions that she applied for with Worldspan, L.P., despite being qualified for each.

26. Worldspan, L.P., did not treat age neutrally when it refused to offer, or in three

instances, interview, Ms. Lieteau for open positions.

27. As a result of the discriminatory actions, Ms. Lieteau has suffered damages, including but not limited to, lost wages and benefits.

28. The discriminatory actions of Worldspan, L.P., were in violation of laws of the Commonwealth of Massachusetts set forth at G. L. c. 151B.

## COUNT III

### (Successor Liability)

29. Plaintiff incorporates by reference incorporate paragraphs 1 - 28 inclusive as if set forth herein again.

30. As the successor in interest to Worldspan, L.P., Worldspan Technologies, Inc., is liable for the discriminatory actions perpetrated by Worldspan, L.P., against Ms. Lieteau.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff demands judgment as follows:

1. For monetary damages, jointly and severally, allowed under G. L. c. 151B, against Worldspan, L.P., and Worldspan Technologies, Inc., to be determined by a jury and entered by the Court, including back pay, front pay, punitive damages, plus pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs.

2. For equitable relief as permitted under G. L. c. 151B, jointly and severally, against Worldspan, L.P., and Worldspan Technologies, Inc., including back pay and front pay, payment of pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs.

3. For such other and further relief as this Court seems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Date: April 22, 2004

HALLENE LIETEAU
By her attorneys

Jonathan M. Feigenbaum, Esq.
B/B/O. #546686
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No.: (617) 367-8787

L:\Liet003\complaint.amended.wpd

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

| | |
|---|---|
| HALLENE LIETEAU, <br><br> Plaintiff, <br><br> v. <br><br> WORLDSPAN, L.P., <br> WORLDSPAN TECHNOLOGIES, INC. <br><br> Defendants. | SUPERIOR COURT <br> CIVIL ACTION NO. 04 00171-A |

### NOTICE OF FILING OF NOTICE OF REMOVAL
### DIRECTED TO STATE COURT

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446, the Defendants Worldspan, L.P. and Worldspan Technologies, Inc. did on this date file in the United States District Court for the District of Massachusetts, a Notice of Removal of this civil action to said Court, a copy of which has been attached hereto. Copies of this Notice and the Notice of Removal have been served on counsel for Plaintiff.

Respectfully submitted this 14 day of May, 2004.

Allison Romantz
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

ATTORNEYS FOR DEFENDANTS

-1-

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing NOTICE OF FILING OF NOTICE OF REMOVAL DIRECTED TO STATE COURT upon the following via U.S. Mail, postage prepaid, on this 14 day of May, 2004:

Jonathon M. Feigenbaum, Esq.
Phillips & Angley
One Bowdoin Square
Boston, MA 02114

_____
ATTORNEYS FOR DEFENDANTS

Atlanta:344301.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| HALLENE LIETEAU,<br><br>    Plaintiff,<br><br>v.<br><br>WORLDSPAN, LP, and<br>WORLDSPAN TECHNOLOGIES, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO.: _____<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF MARGARET K. CASSIDY

I, Margaret K. Cassidy declare as follows:

I am over twenty-one (21) years old and am competent to testify to the matters I declare herein. I make this affidavit based on personal knowledge and/or review of company documents kept in the regular course of business. I am submitting this affidavit for the limited purpose of verifying facts in support of the removal to federal court by Worldspan, L.P. and Worldspan Technologies Inc. of the civil action filed against them by Hallene Lieteau in the Superior Court for Norfolk County, Massachusetts (Case No. 0400171A).

1. I am employed by Worldspan, L.P. ("Worldspan") as Vice President and Associate General Counsel.

2. Worldspan's principal place of business is Atlanta, Georgia. Its general and limited partners before July 1, 2003 were corporations that were not incorporated in Massachusetts and had their principal places of business outside Massachusetts.

3. Since July 1, 2003 the sole general partner of Worldspan has been Worldspan Technologies Inc., a Delaware corporation and the sole limited partner of Worldspan has been WS Holdings LLC, a Delaware limited liability company.

4. Worldspan Technologies Inc. and WS Holdings LLC maintain their principal place of business in Atlanta, Georgia.

5. Hallene Lieteau was employed by Worldspan from October of 1991 until March 31, 2001. At the time of her discharge as part of a reduction-in-force, Ms. Lieteau's monthly salary was $3,431.00. Had she not been discharged incident to the reduction in force, and had not resigned or otherwise left employment since March 31, 2001, she would have been paid more than $126,000 in salary payments through the date of this affidavit. As an employee of Worldspan, L.P., Ms. Lieteau received other employment benefits, as well.

Executed this 12th day of May 2004.

_____
MARGARET K. CASSIDY

_____
Notary

_____
My Commission Expires

Atlanta:344412.1