UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
IN CLERKS OFFICE

2004 MAY 21 P 1:12

U.S. DISTRICT COURT
DISTRICT OF MASS.

HALLENE LIETEAU,  )
  )
   Plaintiff,  )
  )
v.  ) CASE NO. 1:04-cv-10967-GAO
  )
WORLDSPAN, L.P., and  )
WORLDSPAN TECHNOLOGIES INC.  )
  )
   Defendants.  )

## ANSWER

Defendants Worldspan, L.P. and Worldspan Technologies Inc., answer each paragraph of the Amended Complaint ("Complaint") filed against it in Superior Court Civil Action No. 04-00171-A and removed to this Court and set forth their defenses thereto pursuant to Fed. R. Civ. P. 7 and 12 as follows:

1. Defendants lack sufficient information or belief on which to admit or deny Plaintiff's assertion of her "usual place of residence" and therefore denies the factual allegation made in Paragraph 1.

2. Admitted, except Defendant Worldspan, L.P. avers that it is a limited partnership.

3. Defendants admit the factual allegations made in Paragraph 3 except to deny that Defendant Worldspan Technologies, Inc. is the 'successor-in-interest' to Defendant Worldspan L.P.

4. Answering Paragraph 4, Defendants admit that this court has diversity jurisdiction over Worldspan, L.P., a registered foreign limited partnership doing business as alleged in Massachusetts, and denies that Worldspan Technologies Inc. is a 'successor in interest' subject to jurisdiction on that basis.

5. Defendants deny that this is a proper venue for the claims Plaintiff asserts against them, as alleged in Paragraph 5.

6. Admitted, on information and belief.

7. Defendants admit, on information and belief, that Plaintiff was previously employed by Trans World Airlines [TWA] and employed by Worldspan, L.P. in 1990. The other factual allegations in Paragraph 7 of the Complaint are denied.

8. Answering Paragraph 8 of the Complaint, Defendants admit that Plaintiff's employment with Worldspan, L.P. was terminated when her position was eliminated incident to a reduction in force, and that the effective date of the termination of her employment was March 31, 2001. The other factual allegations in Paragraph 8 of the Complaint are denied.

9. Denied.

10. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 9 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Defendants admit that Plaintiff was informed by Worldspan, L.P. on January 30, 2001 by written memorandum that her position was eliminated effective January 30, 2001, and that her employment would continue through March 31, 2001 if she had not accepted an alternative position within Worldspan or accepted other employment within 60 days. Defendants deny the remaining factual allegations in Paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendants lack sufficient information to admit or deny the factual allegations made in Paragraph 21 and they are therefore denied.

22. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 21 of the Complaint.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 28 of the Complaint.

30. Denied.

To the extent that the prayer for relief following paragraph 30 of the Complaint contains any factual allegations, Defendants deny those allegations. Defendants further deny that Plaintiff is entitled to any of the relief set forth in the prayer for relief, including subparts 1. through 3.

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part for failure to state claims upon which relief can be granted.

### SECOND DEFENSE

To the extent that the Plaintiff has failed to mitigate damages by seeking and obtaining other comparable employment, and is barred from any recovery.

### THIRD DEFENSE

Plaintiff's claims for damages and equitable remedies may be barred by the after-acquired evidence doctrine.

### FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

Defendant Worldspan, L.P.'s agents had legitimate, nondiscriminatory business reasons for the employment decision challenged in the Complaint.

### SIXTH DEFENSE

This is not a proper venue for resolution of this matter as a substantial part of the events or omissions giving rise to the claim asserted did not occur in this judicial district, no defendant resides in this district, and there is a judicial district in which this action might otherwise be brought.

WHEREFORE, having fully answered, Defendants request that the Court dismiss the Complaint against them, that Plaintiff recover nothing, and that the Court award Defendants reasonable attorneys' fees and costs for the defense of this matter.

Respectfully submitted this ___21___ day of May 2004.

_____
Allison Romantz
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing ANSWER upon the following via U.S. Mail, postage prepaid, on May 21, 2004:

> Jonathon M. Feigenbaum, Esq.
> Phillips & Angley
> One Bowdoin Square
> Boston, MA 02114

　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANTS

## MORGAN, BROWN & JOY, LLP
### ATTORNEYS AT LAW
ONE BOSTON PLACE
BOSTON, MASSACHUSETTS 02108-4472
TELEPHONE (617) 523-6666
FACSIMILE (617) 367-3125

FILED
IN CLERKS OFFICE

2004 MAY 21  P 1:12

U.S. DISTRICT COURT
DISTRICT OF MASS.

ALLISON K. ROMANTZ

DIRECT DIAL (617) 788-5008
aromantz@morganbrown.com

May 21, 2004

**BY HAND DELIVERY**

Civil Clerk of Court
United States District Court
  for the District of Massachusetts
One Courthouse Way
Boston, MA 02110

Re:  *Hallene Lieteau v. Worldspan, L.P. and Worldspan Technologies, Inc.*
     C.A. No. 1:04-cv-10967-GAO

Dear Sir or Madam:

Please find enclosed for filing in the above referenced matter the Answer of Defendants.

Thank you.

Very truly yours,

Allison Romantz

enclosure
cc: Jonathan Feigenbaum, Esq.
    Robert Rigrish, Esq.