ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Hallene Lieteau,<br><br>**Plaintiff,**<br><br>v.<br><br>Worldspan, L.P. and<br>Worldspan Technologies, Inc.,<br><br>**Defendants.** | Civil Action No. 04-10967-GAO |

## JOINT SCHEDULING STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and in compliance with the Court's Order of September 21, 2004, Hallene Lieteau ("Plaintiff") and Worldspan, L.P. and Worldspan Technologies, Inc. ("Defendants") (together, the "Parties"), hereby submit their proposed Joint Scheduling Statement in the above-captioned action.

### A.   JOINDER OF PARTIES OR AMENDMENTS TO PLEADINGS

The Parties propose that all motions seeking to amend the pleadings or to add parties will be filed no later than Monday, November 15, 2004.

### B.   JOINT DISCOVERY PLAN

**1.   Automatic Disclosure**

The Plaintiff and Defendants will serve their automatic disclosures in compliance with Local Rule 26.2 by Wednesday, October 27, 2004.

**2.   Depositions**

Pursuant to Local Rule 26.1(C), the Parties will be limited to ten (10) depositions for each side, not including expert depositions or third-party keeper of the records depositions. The

1

parties agree to comply with the time limits imposed on depositions pursuant to the revision to Fed.R.Civ.P. 30.

### 3. Expert Report and Depositions

The Parties propose that a party intending to utilize an expert(s) shall disclose the expert(s) and their report(s) no later than July 29, 2005. A party opposing an expert, shall disclose the expert(s) and their report no later than August 29, 2005. This provision shall not relieve a party of obligations under Rule 26(a)(2), and these dates may be enlarged by motion if there remains discovery outstanding from an opposing party as of July 29, 2005.

Either party may move to strike the proposed expert based on reliability and sufficiency of the expert(s) report(s).

Plaintiff proposes that discovery of experts shall not be permitted without Court order. Defendants, however, desire that the Parties be permitted to conduct expert witness depositions. Defendants propose that expert witness depositions shall be concluded within forty-five (45) days of the disclosure of a party's expert witness report.

### 4. Written Discovery

The Parties propose that the Parties comply with the discovery event limitations set forth in Local Rule 26.1(C).

### C. PRE-TRIAL SCHEDULE

The Parties have agreed to the following pre-trial schedule:

1. All fact discovery completed by July 29, 2005

2. All non-dispositive and discovery motions to be filed by August 15, 2005.

3. All Fed. R. Civ. P. Rule 56 motions and/or other dispositive motions to be filed by Monday, September 12, 2005. A party's response in opposition to any Rule 56 motion shall be filed by Wednesday, October 12, 2005. The Parties mutually agree that a party moving for judgment pursuant to Rule 56 shall be permitted to file a reply brief by Friday, October 28, 2005. The reply brief shall be no more than ten (10) pages in length.

4. A Pre-Trial Conference to be held thirty (30) days after a decision on any Rule 56 motion.

### D. MODIFICATION

Pursuant to Local Rule 16.1(G), the provisions of this scheduling order can be modified by order of the judge, or the magistrate judge if so authorized by the judge, upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record.

### E. SETTLEMENT DEMAND

Pursuant to Local Rule 16(c), the Parties state that Plaintiff Hallene Lieteau will serve a written settlement proposal upon the Defendants' counsel prior to the date of the scheduling conference. Defense counsel will then communicate Plaintiff's settlement proposal to Defendants and will be prepared to respond to the proposal at the scheduling conference.

### F. MAGISTRATE JUDGE

Pursuant to Local Rule 16.1(B)(3), the parties do not agree to proceed before a Magistrate Judge on any matter in this action.

### G. CERTIFICATIONS

The Parties' certifications will be filed separately.

Respectfully submitted this 21st day of October, 2004.

| | |
|---|---|
| HALLENE LIETEAU | WORLDSPAN, L.P. and WORLDSPAN TECHNOLOGIES, INC., |
| By her attorney, | By their attorneys, |

*/s/ Jonathon M. Feigenbaum / by TLM with express permission*
Jonathon M. Feigenbaum
BBO # 546686
PHILLIPS & ANGLEY
One Bowdoin Square
Boston, MA 02114
617-367-8787

*/s/ Thomas L. McDaniel*
Chad A. Shultz (Ga. Bar No. 644440)
Thomas L. McDaniel (Ga. Bar No. 488248)
*Admitted pro hac vice*

FORD & HARRISON LLP
1275 Peachtree Street, N.E.
Suite 600
Atlanta, GA 30309
(404) 888-3800

Allison K. Romantz (BBO# 554909)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING TO ALL PARTIES OR THEIR COUNSEL OF RECORD THIS DAY BY U.S. MAIL.

*/s/ Thomas L. McDaniel*
Thomas L. McDaniel, Esq.